UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hilda L. Solis, Secretary of Labor,
United States Department of Labor,

Civil No. 09-1022 (PAM/JJG)

Plaintiff,

v.

**MEMORANDUM AND ORDER**

Amalgamated Transit Union,
Local 1005,

Defendant.

---

This matter is before the Court on the parties' cross-Motions for Summary Judgment. For the reasons that follow, the Court grants Defendant's Motion and denies Plaintiff's Motion.

**BACKGROUND**

Plaintiff is the Secretary of the Department of Labor. She brought this lawsuit under the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 481 et seq. Defendant is a local branch of the Amalgamated Transit Union (the "Union"). The Union represents bus drivers and others employed by MetroTransit, the Twin Cities' public transportation organization. Because MetroTransit is a public entity, the provisions of the LMRDA did not apply to the Union when it represented only MetroTransit employees. 29 C.F.R. § 451.3(a)(4) ("A labor organization composed entirely of employees of [a] governmental entit[y] . . . would not be a labor organization for the purposes of the

[LMRDA] . . . .").

In October 2007, the Union was certified as the bargaining representative for a private bus line in Rochester, Minnesota. Because of that change in representation, the Union became subject to the provisions of the LMRDA. Id. Under the Union's Constitution, the Union was therefore prohibited from imposing a meeting attendance requirement for officers. Union Constitution § 14.2. In other words, once subject to the LMRDA, the Union could not require any person interested in running for office to have attended a certain number of Union meetings prior to the election.

The Union's bylaws, however, contained just such an attendance requirement. This requirement stated that a member was not eligible for any office unless that member "shall have attended not less than six (6) regular meetings each year during the twenty-four months prior to and including the nomination meetings . . . ." Union Bylaws Section 30. The Union had enforced the attendance requirement in all of its elections, and it appears that the requirement was fairly well known among the membership. Section 30 also required that any office-seeker be a member of the Union for two years prior to the nominating meetings, but that requirement was not changed when the Union became subject to the LMRDA.

The Union held tri-annual elections in November 2008. As the Bylaws require, the Union posted notice of the upcoming elections and the nominating meetings, which were scheduled for late September 2008. In that notice, the Union informed its members of the eligibility requirements for office, specifically referencing Section 30 of the Bylaws. The notice quoted the membership requirement from that Section, but did not state that Section

2

30's attendance requirement no longer applied. At the time of the election, Section 30 had not been amended to remove the attendance requirement, and thus any member who consulted Section 30 might have believed that eligibility for office depended on both membership and attendance.

Members of the Union expressed confusion to officeholders and shop stewards about the attendance requirement. Those questions were answered correctly; that is, members who asked whether the attendance requirement still applied were told that it did not. The Union did not post any corrective notices, however, and did not specifically inform its total membership that the attendance requirement no longer applied.

Shortly after the election, a Union member complained to the Executive Board about the election contending that there was confusion about the attendance requirement. The Executive Board met with the complaining member but unanimously rejected his complaint. He then pursued the complaint with the International Union, sending a letter to the International's President. The President informed the complainant that his letter was insufficient to perfect an appeal, and the complainant wrote another letter. The second letter was also deemed insufficient to perfect an appeal. Ultimately, the complainant filed a charge with the Department of Labor and this lawsuit followed.

During its investigation of the complaint, the Department drafted and distributed a survey to Union members to determine the extent of the members' confusion about the meeting attendance requirement. The Union is critical of the survey, which Plaintiff concedes was not distributed in any scientific way. Moreover, according to the Union, after

3

the first day of the survey the Department changed the survey questions, adding a question. The Union contends that the survey results are too unreliable to form the basis for this lawsuit.

**DISCUSSION**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). However, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Id. at 323; Enter. Bank, 92 F.3d at 747. A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The parties have cross-moved for summary judgment, agreeing that only issues of law remain for decision.

The LMRDA requires unions to provide "[a]dequate safeguards to insure a fair election . . . ." 29 U.S.C. § 481(c). "A labor organization's wide range of discretion

4

regarding the conduct of elections is thus circumscribed by a general rule of fairness." 29 C.F.R. § 452.110(a). If the Secretary proves a violation of the "adequate safeguards" provision, the court must declare the election void and order a new election under the Secretary's supervision if the Secretary also proves that the violation "may have affected the outcome of the election." 29 U.S.C. § 482(c). However, the proof of a violation of § 481(c) is prima facie evidence that the violation may have effected the outcome of the election, shifting the burden to the union to prove that the results of the election would have been the same absent the violation. Wirtz v. Hotel, Motel & Club Employees Union, Local 6, 391 U.S. 492, 506-07 (1968). The Union disputes both that it violated § 481(c), and that any purported violation may have affected the outcome of the election.

Courts have not hesitated to invalidate union elections under § 481 when faced with patently unfair or illegal electioneering activities. For example, when an incumbent union president distributed all election ballots himself and had no way to account for unused ballots, the court found that the election results must be set aside under § 481. Wirtz v. Local Union 262, Glass Bottle Blowers Ass'n, 290 F. Supp. 965 (N. D. Cal. 1968). In another case, the Department's regulations recommended that notice of an election provided in a union newspaper be "conspicuously placed on the front page of the newspaper." Chao v. Local 538 of United Food & Commercial Workers Int'l Union, AFL-CIO, 307 F. Supp. 2d 1027, 1031 (W.D. Wis. 2004) (quoting 29 C.F.R. § 452.100). The court determined that an election notice on page 12 of the newspaper with a headline indicating that it was an election notice for a different local union did not comply with either the regulations or § 481. Id. at 1035.

In the only published case involving meeting attendance requirements, a court invalidated an election because the meeting attendance requirement at issue would have excluded more than 90% of the union membership from running for office. Herman v. Local Union, 1001, United Steelworkers of Am., AFL-CIO, 59 F. Supp. 2d 770, 774 (N.D. Ind. 1999). However, Herman involved only the exclusionary effect of an attendance requirement, something that is not at issue here.

The common thread in these cases is an egregious violation of the LMRDA's fairness requirement, which was intended to combat corruption in union elections:

> A pervasive theme in the congressional debates about the [LMRDA's] election provisions was that revelations of corruption, dictatorial practices and racketeering in some unions investigated by Congress indicated a need to protect the rights of rank-and-file members to participate fully in the operation of their union through processes of democratic self-government.

Hotel, Motel & Club Employees Union, Local 6, 391 U.S. at 497 (footnote omitted). The allegations in this case simply do not reveal any sort of corruption, dictatorial practices, or racketeering, or even anything more than sloppiness. The notices may not have been completely clear, but the Union responded to inquiries appropriately. Plaintiff argues that the Union was required to do more. She does not, however, point the Court to any such requirement in the statutes, the regulations, or the caselaw. Plaintiff has failed to raise a genuine issue of fact as to whether the Union failed to provide the "adequate safeguards" § 481(c) requires. Summary judgment is therefore appropriate.

**CONCLUSION**

Defendant is entitled to summary judgment. Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Summary Judgment (Docket No. 48) is **DENIED**;

2. Defendant's Motion for Summary Judgment (Docket No. 42) is **GRANTED**; and

3. This case is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 11, 2010

*s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge